# EXHIBIT 1
## to Notice of Removal of Action Under 28 U.S.C. § 1441(c) (Federal Questions)

EXHIBIT 1

FILED
2023 JAN 31 02:33 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-01949-1 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| LEONARD R. MEAGHER II, ) | |
| Plaintiff, ) | |
| ) | No. |
| ) | |
| ) | COMPLAINT FOR DAMAGES |
| vs. ) | |
| ) | |
| KING COUNTY and KING COUNTY ) | |
| METRO TRANSIT and ) | |
| JOHN AND JANE DOES 1-10, ) | |
| Defendants. ) | |

## INTRODUCTION

1. The State of Washington has mandated, by Proclamation of the Governor 21-14.1 et seq. "the proclamation", SARS-CoV2 (CoVid-19) vaccinations for all persons employed by State agencies on or before October 18, 2021. In response to this, King County Executive issued Executive Order ACO-8-27-EO, mandating that all executive employees of King County were instructed to submit a request for accommodation, and the Plaintiff did submit such a request on September 9, 2021. Leonard R. Meagher II (Plaintiff), a Trust Millwright, was employed by

1

COMPLAINT FOR
DAMAGES

King County Metro Transit for over 16 years. On September 14, 2021, the Plaintiff applied for a religious exemption from the vaccine due to his sincerely held religious beliefs. Following this, the Plaintiff received a religious exemption from King County.

2. On December 17, 2021, the Plaintiff received notice that his religious accommodation was denied. By denying the Plaintiff's reasonable accommodation request, the Defendants violated the Plaintiff's rights and the Plaintiff seeks redress for this violation of law.

3. The Plaintiff seeks relief in the form of declaratory relief and damages against Defendants, and all those in active concert, from abridging Plaintiff's statutorily protected rights guaranteed to him by Title VII 42 USC §2000(e),

4. Plaintiff also asks this Court for *de novo* review of the accommodation process and the failure of King County to actively engage therein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the Revised Code of Washington 2.08.010

6. Plaintiff's claim for declaratory relief are authorized by RCW §7.24.010, Civil Rules 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

7. Venue is proper within this judicial district and division, pursuant to RCW §4.12.025, because the defendant, King County is a political subdivision of the State of Washington, whose principal offices are located in Seattle, King County, Washington..

8. This Court has supplemental jurisdiction over federal claims under 42 U.S.C. §2000e.

## PARTIES

9. Plaintiff submitted a request for a religious exemption and was exempted, but was not provided an accommodation.

10. Under Proclamation 21-14 et seq. and King County Executive Order ACO-8-27-EO, King County was charged with requiring all of its employees to be vaccinated or to submit a religious/ medical exemption. The Plaintiff was an employee of King County.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-10, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff believes and alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and are legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned the Defendants acted to discriminate and deprive him of his right to fair treatment and due process; in so doing the things hereinafter complained of were acting within the course and scope of such agency and/or employment, and with the knowledge and consent of the remaining Defendants.

## FACTS

23. On or about August 10, 2021, the King County Executive Dow Constantine, issued Executive Order ACO-8-27-EO, requiring all county executive employees to obtain vaccination against the CoVid-19 virus.

3

COMPLAINT FOR DAMAGES

24. Executive Order ACO-8-27-EO requires all county executive employees to subject themselves to a CoVid-19 vaccination or face termination from their employment.

25. Executive Order ACO-8-27-EO, allows for religious exemption and accommodation under Title VII, 42 U.S.C. 2000e.

26. However, Executive Order ACO-8-27-EO has been implemented by Defendant in a manner that does not allow for the religious accommodation process to be given meaningful dialogue regarding requests for accommodations, and thus deprives the Plaintiff of his rights at law.

27. Plaintiff holds sincere religious beliefs and convictions that prevent him from taking the CoVid-19 vaccination.

28. Plaintiff submitted a request for an exemption from the vaccination based on his sincerely held religious beliefs on September 14, 2021. The Plaintiff was granted an exemption from receiving the vaccination.

29. Once the Defendants were placed on notice of the Plaintiff's beliefs, the law requires a meaningful analysis of the employee's job and the requested accommodation and a reasonable attempt to accommodate. On December 17, 2021, the Plaintiff received notice that the accommodation he requested was denied. Defendants failed to hold an interactive and engaging analysis of the job prior to denying the Plaintiff's requested accommodation.

30. Defendants failed to reasonably accommodate the Plaintiff.

31. As a result of the denial of the request for a religious accommodation under Title VII, the Plaintiff was terminated from his employment on March 18, 2022. This constitutes an adverse employment action, and comes on the heels of the Plaintiff asserting his protected rights as a

member of a protected class.

32. The Plaintiff received his right to sue letter from the Equal Employment Opportunity Commission on November 3, 2022.

## FIRST CAUSE OF ACTION

**Violation of Title VII 42 USC §2000e Against Defendants for Failure to Accommodate**

33. Plaintiff re-alleges the facts above and incorporates those herein by reference as if fully alleged.

34. By submitting a request for a religious exemption and accommodation under Title VII, the Plaintiff engaged in actions protected by federal law.

35. Plaintiff apprised the Defendants of his sincerely held religious belief and was exempted from the CoVid-19 vaccine requirement.

36. The Defendants subjected the Plaintiff to an adverse employment action by terminating his employment and the Plaintiff lost his job due to his sincerely held religious beliefs.

37. The Defendant refused to entertain Plaintiff's request for a religious accommodation under Title VII, and engage in a meaningful analysis of the requested accommodation.

38. Wherefore, Plaintiff brings this claim under 42 U.S.C. § 2000(e) and requests the relief set forth below in the prayer for relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court to enter judgment in his favor, and against the Defendants, for full relief, including the following:

1. Damages including lost wages, benefits, and all other lost income stemming from the discriminatory actions of Defendant(s).

5

COMPLAINT FOR
DAMAGES

2. Attorney's fees and costs; and,

3. Declaratory relief that Defendants, failed to implement policies and procedures that encouraged engaging in a meaningful analysis of what accommodations may be made for those protected by Title VII when asserting their sincerely held religious beliefs against being vaccinated; in so doing the Defendants denied the Plaintiff of his rights and entitlements at law.

4. Declaratory relief that the accommodation process failed to meet the minimum standards required at law under *De Novo* review.

5. Enter a judgment that the acts and practices of the Defendants complained of herein are in violation of state law and/or common law;

6. Award the Plaintiff compensation for all present, and future lost wages; including without limitation and any other relief this Court deems necessary;

7. Award the Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees.

8. Award the Plaintiff total damages including general and special damages in an amount to be proven at the time of trial.

9. Grant the Plaintiff such additional and further relief as this Court deems necessary, just, and equitable.

Respectfully Submitted this 31st day of January, 2023.

/s/<u>Harold H. Franklin, Jr.</u>
WSBA #20486
Tracy Tribbett
WSBA #35922
Pacific Justice Institute
Attorneys for the Plaintiff
459 Seneca Avenue NW
Renton, WA 98057
hfranklin@pji.org