UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARD R. MEAGHER II,

               Plaintiff,

      v.

KING COUNTY, *et al.*,

               Defendants.

CASE NO. 2:23-cv-00741-RSL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "King County's Motion for Summary Judgment." Dkt. # 26. Plaintiff alleges that defendants failed to accommodate his religious beliefs in violation of Title VII, 42 U.S.C. § 2000e. Defendants argue that the claim fails as a matter of law because plaintiff's objections to the COVID-19 vaccine were not religious in nature and could not be accommodated without undue hardship.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 1

of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 2

## BACKGROUND

On August 10, 2021, the King County Executive issued an order requiring all County executive branch employees to be fully vaccinated against COVID-19 by October 18, 2021, unless they were entitled under law to an accommodation on account of disability or religious belief. Exec. Order No. ACO-8-27-EO (found at https://kingcounty.gov/en/search).[1] At the time, plaintiff was employed as a Millwright with King County Metro Transit. On September 14, 2021, plaintiff claimed a religious exemption to the vaccination requirement and requested accommodation. Dkt. 30-1. He notified his employer that the injection of infant cell lines into his body would be a trespass against his deity and violated his religious belief that all life is sacred and unique. Dkt. 30-1 at 3 and 5.

Without determining whether plaintiff's request met the legal requirements of a bona fide religious belief, King County moved forward with the interactive accommodations process. Dkt. 30 at ¶¶ 18-21. Plaintiff declined to participate, arguing that the employer first had to approve his religious exemption before he would discuss possible accommodations. Dkt. 30 at ¶¶ 19-20. Nevertheless, defendants considered potential accommodations, including plaintiff's initial suggestion that he continue to perform his duties as before, but found that a reasonable accommodation that would allow plaintiff to safely perform the essential functions of his job was not available. Dkt. 30-5. Plaintiff's

---

[1] The Court takes judicial notice of the fact that the conduct of which plaintiff complains occurred during the COVID-19 pandemic and of the cited Executive Order. *Denis v. Ige*, 538 F. Supp. 3d 1063, 1068-69 (D. Haw. 2021) (taking judicial notice of public health statements and emergency proclamations published on the internet).

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 3

request for an accommodation was denied on December 17, 2021. He participated in a *Loudermill* hearing and provided additional options for accommodation, including social distancing, masking, weekly testing, etc., and noted that there would be little if any operational costs associated with some of these accommodations. Dkt. 30-6 at 3-4. His employment at King County was terminated on March 18, 2022. Dkt. 30-7.

## DISCUSSION

To allege a prima facie case of religious discrimination under a failure-to-accommodate theory, an employee must show that "(1) he had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements*." Detwiler v. Mid-Columbia Med. Ctr*., 156 F.4th 886, 893 (9th Cir. 2025) (quoting *Heller v. EBB Auto Co*., 8 F.3rd 1433, 1438 (9th Cir. 1993) (internal alterations omitted)). Once a plaintiff has alleged a prima facie case of religious discrimination, the burden shifts to the employer to show "that it initiated good faith efforts to accommodate the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (quoting *Heller*, 8 F.3d at 1438). "Undue hardship is shown when a burden is substantial in the overall context of an employer's business." *Keene v. City and County of San Francisco*, No. 24-1574, 2025 WL 341831, at *2 (9th Cir. Jan. 30, 2025). *See also Groff v. DeJoy*, 600 U.S. 447, 468 (2023).

**A. Bona Fide Religious Belief That Conflicts With Employment Duty**

Defendants argue that plaintiff's objections to the COVID-19 vaccination requirement were not based on any religious belief but rather on a misunderstanding of the science behind vaccine production. Contrary to plaintiff's espoused belief, the vaccines did not contain human fetal cells (or primate or canine cells, for that matter). Thus, the first question before the Court on this motion to dismiss is whether plaintiff has plausibly alleged that his objections to the COVID-19 vaccination mandate arose from his religious beliefs as opposed to his social/ philosophical/medical views and/or personal preferences. *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021) (citing the EEOC's guidance for the proposition that "an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the ground that the employee's belief is not truly religious in nature").

The Ninth Circuit has held that an objection based on assertions that the vaccine was derived in some way from aborted fetus cells and that plaintiff's faith opposed abortion, if sincerely held, can support a Title VII religious accommodation claim. *Keene v. City and County of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023). Defendants argue that because the factual underpinnings of the objection reflect an incorrect understanding of vaccine science, the objection is not religious. There is little doubt, however, that the objection was prompted by plaintiff's religious beliefs as applied to his understanding of the facts. Whether a belief is religious or secular does not "turn upon a judicial perception of the particular belief or practice in questions: religious

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 5

beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit" protection. *Detwiler*, 156 F.4th at 894 (quoting *Thomas v. Review Bd.*, 450 U.S 707, 714 (1981), and citing *Bolden-Hardge v. Off. Of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023)). Scientific truth is hardly the standard against which a religious belief is measured, and nothing in the record shows, as a matter of law, that plaintiff's assertion was not sincere, however misguided and/or factually unsupported. While defendants may be able to convince the jury that plaintiff's assertion of a religious belief was merely a convenient packaging for a fear of chimerism or some other secular aversion to vaccines, they are not entitled to summary judgment on the issue.

**B. Undue Hardship**

Title VII requires that employers "reasonably accommodate . . . an employee's or prospective employee's religious observance or practice" unless the employer is "unable" to do so "without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). A "hardship is more severe than a mere burden" and the "modifier 'undue' means that the requisite burden, privation, or adversity must rise to an 'excessive' or 'unjustifiable' level." *Groff*, 600 U.S. at 469. To establish undue hardship, an employer "must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business," taking into account "all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating costs of an employer." *Id.* at 470 (internal citation, quotation marks, and alterations omitted).

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 6

In the context of COVID-19 vaccine accommodation cases, courts have found that non-economic costs, such as adverse impacts on an employer's mission and potential safety risks, are relevant factors to be considered. *Lavelle-Hayden v. Legacy Health*, 744 F.Supp.3d 1135, 1157-59 (D. Or. 2024); *Bordeaux v. Lions Gate Ent., Inc.*, 703 F. Supp.3d 1117, 1134–35 (C.D. Cal. 2023). *See also Groff*, 600 U.S. at 475-76 (J. Sotomayor, concurring) (non-COVID case acknowledging that "the conduct of the employer's business" includes the business' labor force, making deprivations and hardships imposed on co-workers relevant to the undue hardship analysis); *EEOC v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 615 (9th Cir. 1988) (non-COVID case acknowledging spiritual costs). In addition, the reasonableness of an accommodation must be evaluated based on the knowledge and information available to the employer at the time the accommodation decision was made. *Efimoff v. Port of Seattle*, No. 2:23-CV-01307-BAT, 2024 WL 4765161, at *13 (W.D. Wash. Nov. 13, 2024); *Lavelle-Hayden*, 744 F.Supp.3d at 1150, 1152, 1158.

By the winter of 2021-2022, the Pacific Northwest had lived through two years of COVID-19 infections, and it was generally understood that the SARS-CoV-2 virus spread from person to person through aerosol transmission,[2] that infected persons could spread the virus before the onset of symptoms, and that older adults or those with certain underlying

---

[2] The relatively recent realization that the virus was transmitted through aerosol rather than droplets "implied that infections could occur over greater distances than previously thought, and in spaces that were previously inhabited by individuals with COVID-19. This mechanism explained cases and outbreaks of transmission spread over distance and over time versus direct, near contact." Dkt. # 28-1 at ¶ 68.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 7

medical conditions were at higher risk for developing a severe, potentially deadly, COVID-19 illness. Dkt. # 28-1 at ¶ 8.[3] After reviewing the job duties and surroundings of a King County Metro millwright, defendants' expert, Dr. Lynch concluded that the setting creates a risk for transmission of COVID-19, that the job duties require close proximity with multiple vehicle maintenance staff at various times throughout the day, and that these vehicle maintenance staff can then interact with vehicle operators and/or members of the public. Dkt. 28-1 at ¶¶ 84-86. Dr. Lynch opined that, "[g]iven Mr. Meagher's job duties, which entailed significant and regular interactions with other vehicle management staff, it is my opinion that, had King County allowed him to continue working as a millwright unvaccinated, it would have significantly increased the risk that he would infect other employees and members of the public with the virus or contract COVID-19 himself" and that masking, shields/barriers, social distancing, testing, hand washing, sanitizing spaces, etc. would not be adequate to mitigate that risk. Dkt. 28-1 at ¶¶ 90-91. Plaintiff does not dispute that an unvaccinated individual in a vehicle maintenance building poses a risk of transmitting COVID-19 to others in the facility.

Rather, plaintiff argues that defendants evaluated plaintiff's accommodation request under the wrong standard, that he had developed natural immunity from a previous

---

[3] Defendants produced the declaration and report of Dr. John B. Lynch, a board-certified infectious disease clinician, a Professor of Medicine at the University of Washington School of Medicine, and the Associate Medical Director at Harborview Medical Center. Dr. Lynch led UW Medicine's response to the COVID-19 pandemic from February 2020 to December 2023. Dkt. # 28-1 at ¶ 2. Plaintiff has not offered any medical or scientific evidence in response to this motion that would contradict Dr. Lynch's opinions.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 8

COVID-19 infection, and that masking and testing would have been reasonable accommodations for non-vaccinated employees based on EEOC guidance. Dkt. 33 at 6-8.

### 1. Standard for Evaluating Accommodation Options

In 2023, the Supreme Court held that "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business" to establish an undue hardship. *Groff*, 600 U.S. at 470. The employment decisions at issue in this case were made prior to the issuance of *Groff* and utilized earlier language suggesting that an undue hardship existed if an accommodation posed more than a de minimis cost. *See* Dkt. 34-1 at 10. The Court's analysis at this juncture turns not on the words defendants used in 2021 and 2022, but on whether defendants have shown that granting the accommodation would have posed substantial increased costs.

"Costs" that courts consider are not limited to financial expenditures; they also include non-monetary impacts such as an "accommodation's effect on co-workers" that "may have ramifications for the conduct of the employer's business," *Groff*, 600 U.S. at 472, as well as any "cost to an employer's mission," *Lavelle-Hayden*, 744 F. Supp. 3d at 1151. "[W]hen a proposed accommodation compromises safety in the workplace, this, too, can be an undue hardship." *Id*. at 1157 (citing *Kalsi v. N.Y.C. Transit Auth.*, 62 F. Supp. 2d 745, 758 (E.D.N.Y. 1998), *aff'd*, 189 F.3d 461 (2d Cir. 1999)). Almost every court to consider the matter, including this one, agrees that an accommodation which poses a significant health or safety risk to co-workers or customers constitutes an undue hardship

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 9

for purposes of a failure-to-accommodate claim. *Hall v. Sheppard Pratt Health Sys., Inc.*, 155 F.4th 747, 754 (4th Cir. 2025); *Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1220 (9th Cir. 2025); *Savel v. MetroHealth Sys.*, No. 24-4025, 2025 WL 1826674, at *2 (6th Cir. July 2, 2025); *Rodrique v. Hearst Commc'ns, Inc.*, 126 F.4th 85 (1st Cir. 2025); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021); *Carlson v. City of Redmond*, No. 2:22-CV-01739, 2025 WL 3496535, at *10 (W.D. Wash. Dec. 5, 2025); *Eshom v. King Cnty.*, No. 2:23-CV-00028-JNW, 2025 WL 3187479, at *9 (W.D. Wash. Nov. 14, 2025); *North v. Washington*, No. 3:23-CV-05552-TMC, 2025 WL 2721207, at *14 (W.D. Wash. Sept. 24, 2025); *Lisoski v. King Cnty.*, No. 2:23-CV-00536-RSL, 2025 WL 2511243, at *5 (W.D. Wash. Sept. 2, 2025) (collecting earlier cases). Even courts that deny motions for summary judgment on the issue recognize that accommodations which would increase the risk of COVID-19 infections pose an undue hardship: the sticking point in those cases is that defendants had not established as a matter of law that such risks would arise. *Shirley v. Washington State Dep't of Fish & Wildlife*, No. 3:23-CV-05077-DGE, 2025 WL 1374977, at *14 (W.D. Wash. May 9, 2025) (defendants failed to show that allowing plaintiffs to continue working unvaccinated "would have posed an undue hardship within the specific context of the workplace at [the Department of Fish & Wildlife] during the relevant time period."); *Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, No. 3:23-CV-05071-TMC, 2024 WL 4645146, at *12 (W.D. Wash. Oct. 31, 2024), *reconsideration denied*, No. 3:23-CV-05071-TMC, 2024 WL 4979859 (W.D. Wash. Dec. 4, 2024) (no evidence that defendant evaluated the risks the

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 10

proposed accommodation posed or whether the accommodation would be cost-prohibitive); *Varkonyi v. United Launch Alliance, LLC*, No. 2:23-CV-00359-SB-MRW, 2024 WL 1677523 (C.D. Cal. Feb. 21, 2024) (finding that the lack of evidence regarding infection rates among defendant's employees now that the vast majority had complied with the vaccine mandate precluded judgment as a matter of law in defendant's favor). Plaintiff offers no evidence to dispute Dr. Lynch's opinion that an unvaccinated millwright would significantly increase the risk of COVID-19 infections for plaintiff, his co-workers, and even the transiting public, thereby posing an undue hardship on the employer.

In making this finding, the Court does not mean to suggest that the fact-specific inquiry regarding undue hardship in a COVID-19 vaccine case can be satisfied simply by pointing to a public health crisis and the scientific consensus that vaccination was the best way to reduce viral transmission and improve public health. After all, the vaccine mandate itself contemplated exemptions for religious and/or medical reasons. It is entirely possible that some Metro positions could be performed remotely or in such a way that an unvaccinated employee would not come in contact with and threaten the safety of defendants' employees or patrons. But in this case the relevant factors show that plaintiff could not perform the essential responsibilities of his job without posing just such a risk.[4]

---

[4] In light of this finding regarding the risks posed by Mr. Meagher in his specific position and with his specific job responsibilities, plaintiff's arguments regarding whether defendants could have accommodated a generic employee are unavailing.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 11

### 2. Natural Immunity

Plaintiff tested positive for COVID-19 in October 2020 and argues that he had therefore acquired natural immunity to the virus. The only evidence provided in support of this assertion is an undated one-page document with the Centers for Disease Control and Prevention logo at the top indicating that both natural and vaccine-induced immunity will trigger the immune system to produce antibodies if a person comes into contact with the same disease in the future. Dkt. 34-1 at 16. Plaintiff does not explain where this document came from or otherwise attempt to authenticate it. Regardless, the document does not mention or address the SARS-CoV-2 virus. By the time the Executive Order was issued and defendants were deciding whether they could accommodate an unvaccinated millwright, the variant with which plaintiff had been infected had been replaced by the Delta variant, which was again wreaking havoc on the medical system and the unvaccinated population. Dkt. 28 at ¶¶ 18 and 21-22. Dr. Lynch discusses studies that have found that vaccine-induced immune response are stronger than natural responses and last longer. Dkt. 28-1 at ¶¶ 32-34. All COVID-specific guidance on the matter recommended vaccination regardless of prior infection status. Dkt. 26 at 21-22. On the existing record, there is no genuine dispute that vaccination provided the single best means of preventing transmission of the virus, and there is no evidence that a year-old infection ameliorated the transmission risk posed by an unvaccinated millwright.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 12

### 3. Masking and Testing

The COVID-19 vaccines were released by different manufacturers and for different populations between December 2020 and January 2022. Dkt. # 28-1 at ¶¶ 15-17 and 25-28. The vaccines both decreased the risk of becoming infected and decreased the severity of the disease if infection occurred. Dkt. # 28-1 at ¶ 38. The strategies that had been used earlier in the pandemic, such as masking, testing, and social distancing, were insufficient to safeguard the population – leading to the urgent development of vaccines – and they proved ineffective at slowing the spread of the new Delta variant amongst the unvaccinated in the summer and fall of 2021.

> Hospitalizations in the state due to COVID-19 were at an all-time high in late August of 2021. At the time, unvaccinated individuals between the ages of 16 and 64 were 10 times more likely to be hospitalized than those who were vaccinated. In September of 2021, 95% of hospitalized patients were unvaccinated.

Dkt. # 28-1 at ¶ 58 (footnotes omitted). It was in this context that defendants were determining whether alternatives to vaccination would adequately protect their employees and patrons.

The only evidence in the record regarding the efficacy of masking and testing in preventing the spread of COVID-19 suggests that these practices are ineffective or at least substantially inferior to vaccines. Workplace outbreaks were still common in 2021. Dkt. 28-1 at ¶ 39. There are no studies showing that masks reduce infection and transmission in the workplace, and testing often fails to detect infection for a number of reasons. Dkt. # 28-1 at ¶¶ 39-44. The EEOC guidance plaintiff submitted in support of his assertion that

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 13

masking, social distancing, and testing are reasonable accommodation, does not refer to or discuss accommodations at all. Dkt. 34-1 at 18-19. In the absence of any evidence that personal protective equipment or testing, alone or in combination with other measures, would meaningfully reduce the risk of transmitting COVID-19, defendants' showing of undue hardship is uncontested.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff. Defendants' motion to exclude the expert testimony of Ram Duriseti is DENIED as moot.

DATED this 13th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 14